GILDEA, Chief Justice (concurring).
I agree with the majority that we should review Pakhnyuk's claim that the evidence is not sufficient to support his conviction. But I disagree with the majority's conclusion that Pakhnyuk did not forfeit his statutory-interpretation claim. I write separately to explain.
On appeal, Pakhnyuk argues that the intent element in the statute applies to both the entry element and the gazing element. Pakhnyuk did not raise that statutory claim below. At the district court, Pakhnyuk moved for judgment of acquittal arguing that the State failed to prove that he committed any act with the requisite intent. On appeal, Pakhnyuk makes a new argument. Specifically, he argues that the *928 statute requires that the State prove that he had the requisite intent when he entered the property and that the State failed to prove that element. Because Pakhnyuk did not press this claim below, I would hold that he has forfeited review of it. See State v. Vasquez , 912 N.W.2d 642, 649 & n.4 (Minn. 2018)
But we can still review the claim for plain error. See State v. Kelley , 855 N.W.2d 269, 277 (Minn. 2014) ("[T]he purpose of the plain-error doctrine [is] to provide a fairness-based exception to the forfeiture doctrine."). Reviewing Pakhnyuk's forfeited claim for plain error is consistent with the approach taken in the federal courts. See, e.g. , United States v. Kimler , 335 F.3d 1132, 1141 (10th Cir. 2003) ("Where a Rule 29 motion [for judgment of acquittal] has been made on specific grounds, all grounds not specified in the motion are waived," and appellate courts will review any new sufficiency-of-the-evidence argument "for plain error resulting in manifest injustice." (citations omitted) (internal quotation marks omitted)); see also United States v. Bounmy , 403 F.3d 1018, 1020 (8th Cir. 2005) (reviewing forfeited sufficiency-of-the-evidence claim for plain error); United States v. Meadows , 91 F.3d 851, 854 (7th Cir. 1996) (same).
Applying the plain-error doctrine, I would hold that Pakhnyuk is not entitled to relief. As the majority concludes, the statute is ambiguous as applied to the facts here. Given that the statute is ambiguous, it cannot be said that the district court made an error that was plain in denying Pakhnyuk's motion for judgment of acquittal. See State v. Milton , 821 N.W.2d 789, 807 (Minn. 2012) ("An error is plain if it is 'clear' or 'obvious.' " (citation omitted)). Accordingly, I would affirm, but for different reasons.